JS-6

Lawrence Brewster
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
**Susan Seletsky**, Attorney (CSBN #176106)
Office of the Solicitor (Sol #1018733)
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
    Telephone: (213) 894-4983
    Facsimile:  (213) 894-2064
seletsky.susan@dol.gov

Attorneys for the Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HILDA L. SOLIS**,<br>   Secretary of Labor,<br>   United States Department of Labor,<br><br>        Plaintiff,<br><br>     v.<br><br>**COMMA DESIGN CORPORATION, doing**<br>**business as JULIA, a California corporation,**<br><br>        Defendant. | Case No.: CV 10 5099-MMM (JCGx)<br><br><br><br><br>**CONSENT JUDGMENT** |

Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor ("Secretary"), and Comma Design Corporation, a California corporation, have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

A.    The Secretary has filed a Complaint alleging that the Defendant violated provisions of Sections 15(a)(1), 29 U.S.C. § 215(a)(1) of the Fair Labor Standards Act of 1938, as amended ("FLSA").

B.    Defendant has appeared by counsel and acknowledges receipt of a copy of the Secretary's Complaint.

C.     Defendant waives issuance and service of process and waives answer and any defenses to the Secretary's Complaint.

D.     The Secretary and Defendant waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

E.     Defendant admits that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that the Defendant, its officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a)(1), 29 U.S.C. § 215(a)(1) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), in any of the following manners:

1)     Defendant shall not, contrary to FLSA § 15(a)(1), 29 U.S.C. § 215(a)(1), transport, offer for transportation, ship, deliver, or sell in commerce (or ship, deliver, or sell with knowledge or reason to believe that shipment, delivery, or sale in commerce is intended) goods in the production of which any employee (of the defendant or other(s)) has been employed in violation of the FLSA's minimum wage (29 U.S.C. § 206) or overtime pay provisions (29 U.S.C. § 207);

2)     Defendant shall not fail to disgorge, from the gross proceeds of its having sold or shipped in commerce goods that had been worked on by employees of Basic & Easy, Inc. who were not paid the minimum wage and/or overtime required by the FLSA, 29 U.S.C. §§ 206 and/or 207, from funds previously put on deposit with the U.S. Department of Labor, Wage and Hour Division, an amount sufficient to pay to such employees the back wages due to them under the FLSA.  The amount hereby found due to these employees is $22,886.30 for the period from September 17, 2009 through Decem-

**Consent Judgment** (Sol #1018733)                                                          **Page  2 of 10**

ber 17, 2009.  The attached Exhibit 1 shows the names of each employee, the period of employment covered by this Consent Judgment, and the gross backwage amount due to the employee;

3)    Defendant shall not fail to disgorge, from the gross proceeds of its having sold or shipped in commerce goods that had been worked on by employees of Lydia 11, Inc. who were not paid the minimum wage and/or overtime required by the FLSA, 29 U.S.C. §§ 206 and/or 207, from funds previously put on deposit with the U.S. Department of Labor, Wage and Hour Division, an amount sufficient to pay to such employees the back wages due to them under the FLSA.  The amount hereby found due to these employees is $12,779.05 for the period from March 1, 2010 through June 1, 2010.  The attached Exhibit 2 shows the names of each employee, the period of employment covered by this Consent Judgment, and the gross backwage amount due to the employee.

The Secretary shall allocate and distribute the remittances, or the proceeds thereof, to the persons named in the attached Exhibits 1 and 2, or to their estates if that be necessary, in her sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be deposited by the Secretary in a special deposit account for payment to the proper persons and upon such inability to pay within 3 years, shall then be deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c); and, it is further

ORDERED that

4)    Defendant shall review with the owner or top management official of all sewing contractors with whom it does business each of the following matters prior to entering into any agreement with the contractor for its services and shall maintain documentation showing that the following matters have been reviewed:

A.    The terms of the FLSA, including the contractor's obligation to pay minimum wage and overtime and maintain accurate records of the hours worked by and wages paid to its employees;

B.      Whether the proposed price terms are such that the contractor will be able to comply with the FLSA's minimum wage and overtime requirements;

C.      The sewing contractor's willingness and ability, in light of the contractor's prior compliance history, involvement in the industry and financial resources, to understand and comply with the FLSA;

D.      The Defendant shall oblige the sewing contractor to inform Defendant immediately whenever the contractor is unable to meet the requirements of the FLSA.

E.      The Defendant will require the contractor to maintain true and accurate payroll records, and records of hours worked by all persons who work on goods produced for the Defendant. The contractor shall make these records available to the Defendant and the U. S. Dept. of Labor upon request.

Defendant shall supply copies of the documentation required by this paragraph to representatives of the Secretary of Labor upon their request;

5)      On at least an annual basis, Defendant shall hire an independent third party to conduct a pricing analysis of a representative sample of the different types of garments produced by the firm to determine the economic feasibility of Defendant's pricing in light of the wage requirements of the FLSA.  Defendant shall maintain documentation of this analysis and provide it to representatives of the Secretary of Labor upon their request;

6)      Within 30 days of the entry of this Judgment, Defendant shall hire an independent third party to monitor its sewing contractors to enforce the contractors' compliance with the FLSA.   The monitor shall not represent either the manufacturer or contractor involved in this action in dealings with other parties or the Department of Labor. The monitoring program shall include the following components:

a.   Random and unannounced site visits to the contractor, at least on a quarterly annual basis;

b.   Review of the contractor's timecards and payroll records on at least a

quarterly annual basis;

      c.  Private and confidential interviews of at least 20% of the current employees to determine the hours they work and the wages they are paid;

      d.  Disclosure to the contractor of any FLSA compliance issues revealed by the monitoring and corrective action recommended to the contractor.

The monitor shall produce written reports of its findings which Defendant shall maintain for a period of three years.  Defendant shall supply copies of these reports to representatives of the Secretary of Labor upon their request;

      7)  Defendant shall maintain copies of all cutting tickets issued to their contractors and make these records available for inspection upon request from the U. S. Dept. of Labor's Wage and Hour Division; and it is further

ORDERED that the Defendant shall supply all of its sewing contractors with copies of the attached Exhibit 3, in English, Spanish and Korean, which summarizes terms of this Judgment and the employees' rights under the FLSA.  Defendant shall ensure that its contractors distribute a copy of Exhibit 3 to each of their current employees within 30 days of entry of this Judgment, in the employees' native languages, provide copies to all new hires, and post a copy at each of its contractors' establishments; and it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

ORDERED that this Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: July 14, 2010

                  _Margaret M. Morrow_
                  U.S. DISTRICT COURT JUDGE

///

For the Defendant:

The Defendant hereby appears, waives any
defense herein, consents to the entry of
this Judgment, and waives notice by the
Clerk of Court:


For:  Defendant Comma Design Corporation


By: _____          _____
      John Ryu                                    Date

Its:  ___President_____

LAW OFFICES OF ELLIOTT KIM


_____          _____
HAEWON KIM                                   Date
Law Offices of Elliott Kim
3550 Wilshire Boulevard, Suite 730
Los Angeles, CA  90010
Attorneys for the Defendant

For the Plaintiff:

M. PATRICIA SMITH
Solicitor of Labor

LAWRENCE BREWSTER
Regional Solicitor

DANIEL J. CHASEK
Associate Regional Solicitor

_____          _____
SUSAN SELETSKY, Attorney                     Date
Attorneys for the Plaintiff
U.S. Department of Labor

**Consent Judgment** (Sol #1018733)                                        **Page  6 of 10**

1

Exhibit 1

| Last Name | First Name | Period Covered | Gross Amount Due |
|-----------|-----------|----------------|------------------|
| Alday | Maria De Jesus | 10/03/09 – 12/05/09 | $  1,000.58 |
| Avina | Erica | 11/15/09 – 12/12/09 | 506.23 |
| Calderon | Angelica | 09/13/09 – 12/12/09 | 1,881.35 |
| Calzada | Maria Eugenia | 10/04/09 – 11/28/09 | 685.27 |
| Casas | Alicia | 09/13/09 – 12/12/09 | 1,290.52 |
| Diaz | Lucaria | 09/13/09 – 10/24/09 | 706.75 |
| Flores | Abel | 09/13/09 – 12/12/09 | 1,656.12 |
| Flores | Carmen | 09/13/09 – 12/12/09 | 3,484.65 |
| Garcia | Samuel | 09/13/09 – 12/12/09 | 837.97 |
| Gutierrez | Maria | 09/13/09 – 12/12/09 | 1,143.54 |
| Luna | Benita | 10/18/09 – 12/12/09 | 442.68 |
| Mayo | Cirila | 09/13/09 – 12/12/09 | 2,015.29 |
| Mora | Maria | 09/27/09 – 12/12/09 | 1,203.83 |
| Ontiveros | Julia | 09/13/09 – 12/05/09 | 812.86 |
| Perez | Eduardo | 10/25/09 – 12/12/09 | 907.73 |
| Perez | Joel | 11/29/09 – 12/12/09 | 332.15 |
| Sanchez | Jose Luis | 09/13/09 – 12/12/09 | 3,390.01 |
| Yahuitl | Rogelio | 09/13/09 – 12/12/09 | 588.75 |

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 2

| Last Name | First Name | Period Covered | Gross Amount Due |
|---|---|---|---|
| Arguelllo | Ricardo | 4/6/2010 - 4/12/2010 | $ 140.55 |
| Calix | Bertha | 4/20/2010 - 5/24/2010 | $ 340.39 |
| Castillo | Jeronimo | 5/18/2010 - 5/24/2010 | $ 268.36 |
| Chavez | Josefina | 3/9/2010 - 3/22/2010 | $ 298.98 |
| Cuevas | Edith | 3/9/2010 - 3/22/2010 | $ 165.17 |
| Franco | Coleste | 5/18/2010 - 5/24/2010 | $ 128.34 |
| Garcia | Jose | 3/2/2010 - 3/8/2010 | $ 127.64 |
| Garcia | Imelda | 4/27/2010 - 5/24/2010 | $ 353.65 |
| Gonzalez | Miguel | 2/23/2010 - 3/8/2010 | $ 382.59 |
| Gonzalez | Alicia | 2/23/2010 - 5/24/2010 | $ 110.56 |
| Gonzalez | Jose | 3/2/2010 - 5/24/2010 | $ 91.73 |
| Hernandez | Alex | 3/30/2010 - 5/24/2010 | $ 700.31 |
| Hernandez | Antonio | 2/23/2010 - 3/1/2010 | $ 144.42 |
| Herrera | Ever | 2/23/2010 - 3/22/2010 | $ 292.26 |
| Huinac | Eduardo | 2/23/2010 - 5/24/2010 | $ 828.86 |
| Itzep | Ana | 4/27/2010 - 5/24/2010 | $ 1,158.49 |
| Jimenez | Raul | 3/2/2010 - 5/24/2010 | $ 1,188.21 |
| Leyva | Javier | 2/23/2010 - 5/24/2010 | $ 160.04 |
| Lopez | Jose | 3/16/2010 - 5/17/2010 | $ 39.77 |
| Lugarda | Idalia | 2/23/2010 - 5/24/2010 | $ 832.84 |
| Oxlaj | Felipe | 3/30/2010 - 4/26/2010 | $ 44.52 |
| Prado | Ricardo | 2/23/2010 - 3/8/2010 | $ 103.93 |
| R. | Gabriela | 3/23/2010 - 4/5/2010 | $ 136.52 |
| R. | Esther | 2/23/2010 - 4/19/2010 | $ 342.84 |
| Ruiz | Martha | 4/27/2010 - 5/24/2010 | $ 377.00 |

**Consent Judgment** (Sol #1018733)                                        **Page 8 of 10**

| | | | | |
|---|---|---|---|---|
| Ruiz | Maria | 4/27/2010 - 5/24/2010 | $ | 319.46 |
| Tecum | Francisco | 3/9/2010 - 5/3/2010 | $ | 337.40 |
| Tiguila | Luis | 2/23/2010 - 3/15/2010 | $ | 30.70 |
| | Bartolo | 2/23/2010 - 3/1/2010 | $ | 84.40 |
| | Nancy | 2/23/2010 - 5/24/2010 | $ | 1,267.94 |
| | Esmeralda | 2/23/2010 - 4/19/2010 | $ | 525.92 |
| | Ana | 3/9/2010 - 4/19/2010 | $ | 630.88 |
| | Alfredo | 3/2/2010 - 3/22/2010 | $ | 272.19 |
| | Maura | 3/2/2010 - 3/15/2010 | $ | 88.68 |
| | Silvia | 4/20/2010 - 4/26/2010 | $ | 131.83 |
| | Bartolome | 3/2/2010 - 4/12/2010 | $ | 331.68 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 3

## LEGAL NOTICE TO ALL EMPLOYEES

The **Fair Labor Standards Act** provides that all employees must be paid **minimum wage** for all hours worked.  In addition, employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek.  All employees, whether they are paid **hourly** or on a **piece rate** basis are entitled to overtime when they work over 40 hours.

To resolve a lawsuit brought by the **Department of Labor**, the **United States District Court** entered an Order forbidding **Comma Design Corpo-ration**, a garment manufacturer, from shipping goods on which employees were not paid the minimum wage or overtime required by the **Fair Labor Standards Act**.  All employees who work in this establishment can help Comma Design Corporation not to violate the Court's Order.  **If you think you are not being paid in accordance with the law, call Comma Design Corporation at  (323) 234-7777**.  Or, you can call the U.S. Department of Labor, Wage and Hour Division, at (213) 894-6375 and your name will be kept confidential.